STATE OF NORTH CAROLINA )
                        )    ORDER FOR NEW TRIAL UPON
              v.        )    REMAND FROM THE SUPREME
                        )    COURT OF THE UNITED STATES
KELLY DEAN SPARKS       )

No. 90

HAVING reconsidered this case on remand from the Supreme Court of the United States in the light of *Mullaney v. Wilbur*, 421 U.S. 684, 44 L.Ed. 2d 508 (1975), and *Hankerson v. North Carolina*, --- U.S. ---, 53 L.Ed. 2d 306 (1977), the defendant having properly raised on appeal to this Court the question of the constitutionality of the trial judge's instructions placing the burden on the defendant to show that the killing was done in the heat of a sudden passion and that it was done in self-defense, *see State v. Sparks*, 285 N.C. 631 (1974), and being of the opinion that in light of *Mullaney* and *Hankerson*, these assignments of error should have been sustained and defendant awarded a new trial, now, therefore, it is

ORDERED by the Court in Conference that defendant be and he is hereby awarded a new trial.

This the 12th day of September, 1977.

James G. Exum, Jr.
Associate Justice
For the Court

STATE OF NORTH CAROLINA   )
                          )    ORDER FOR NEW TRIAL UPON
              v.          )    REMAND FROM THE SUPREME
                          )    COURT OF THE UNITED STATES
ROGER LAWRENCE WETMORE    )

No. 94

HAVING reconsidered this case on remand from the Supreme Court of the United States in the light of *Mullaney v. Wilbur*, 421 U.S. 684, 44 L.Ed. 2d 508 (1975), and *Hankerson v. North Carolina*, --- U.S. ---, 53 L.Ed. 2d 306 (1977), the defendant having properly raised on appeal to this Court the question of the constitutionality of the trial judge's instructions placing the burden on the defendant to show that the killing was done in the heat of a sudden passion, *see State v. Wetmore*, 287 N.C. 344 (1975), and being of the opinion that in light of *Mullaney* and *Hankerson*, these assignments of error

should have been sustained and defendant awarded a new trial, now, therefore, it is

ORDERED by the Court in Conference that defendant be and he is hereby awarded a new trial.

This the 12th day of September, 1977.

James G. Exum, Jr.
Associate Justice
For the Court

STATE OF NORTH CAROLINA v. CLAUDE EDWARD DAMMONS

No. 81

(Filed 11 October 1977)

**1. Criminal Law § 91— prisoner—trial upon detainer charges**

The State complied with G.S. 15-10.2(a) when a defendant confined in the State prison system was brought to trial upon charges which formed the basis of a detainer against him within eight months after defendant requested disposition of the charges.

**2. Criminal Law § 91— prisoner—trial of pending charges after request**

G.S. 15A-711 does not require that a defendant who is confined in a penal institution be tried upon charges pending against him within six months after defendant files a written request for disposition of the charges; rather, the statute requires that trial be held within eight months after the written request —the six-month period provided by subsection (c) within which the district attorney must request defendant's temporary release for trial plus the sixty-day release period provided by subsection (a).

**3. Criminal Law § 91— Interstate Agreement on Detainers—inapplicability**

Provisions of the Interstate Agreement on Detainers, G.S. Ch. 15A, Art. 38, do not apply to a North Carolina prosecution of a defendant incarcerated in North Carolina.

**4. Kidnapping § 1.3— instructions not supported by evidence or indictment**

In a trial upon an indictment alleging that defendant kidnapped the victim by "removing" her from one place to another for the purpose of feloniously assaulting her with a deadly weapon and terrorizing her, the trial judge erroneously presented to the jury possible theories of conviction which were either not supported by the evidence or not charged in the indictment when he (1) read the kidnapping statute in its entirety without pointing out to the jury which parts of the statute were material to the case; (2) reiterated "holding this girl as a hostage" as being one of the "purposes" the jury could consider; (3) permitted the jury to consider whether defendant removed the victim for the purpose of sexually assaulting her; (4) instructed that defendant could be found guilty if he "confined or restrained or removed" the victim; and (5) instructed that defendant